```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PARRIS WALL,                      :
                                  :
     Plaintiff                    :
                                  :    CIVIL NO. 1:CV-06-0194
     vs.                          :
                                  :    (Judge Caldwell)
RONNIE HOLT, et al.,              :
                                  :
     Defendants                   :
```

*M E M O R A N D U M*

I.   *Introduction*.

The pro se plaintiff, Parris Wall, an inmate at USP-Lewisburg, Lewisburg, Pennsylvania, filed this action pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), claiming an Eighth Amendment violation while he was housed at FCI-Schuylkill, Minersville, Pennsylvania. He names three Schuylkill defendants, Warden Holt, Unit Manager Edwards, and Counselor Yovichin. He avers they exposed him to environmental tobacco smoke as a result of their failure to adequately enforce the institution's smoking policy. An asthmatic, Wall alleges he was designated to be housed and to work in a smoke-free environment. He seeks injunctive and monetary relief.

Pending before the Court is the defendants' motion to dismiss, or in the alternative, for summary judgment, based in

part on Plaintiff's failure to exhaust his available administrative remedies, the lack of personal involvement of the named defendants, qualified immunity and failure to state a claim upon which relief may be granted.  We will treat the motion as one for summary judgment and evaluate it under the well-established standard.  *See Slagle v. County of Clarion*, 435 F.3d 262, 264-265 (3d Cir. 2006).

We will grant the motion on the basis of Wall's failure to properly exhaust his administrative remedies by not filing his regional appeal in a timely manner.  As exhaustion of administrative remedies is a threshold issue, there is no need for the Court to consider defendants' other arguments.

II.     *Background*.

The Federal Bureau of Prisons (the BOP) has an Administrative Remedy Program, 28 C.F.R. §§ 542.10-542.19, for inmates to pursue grievances.  Section 542.13(a) requires that an inmate first informally present his complaint with staff before filing a request for an administrative remedy.  If the claim is not resolved at this stage, the inmate may file a formal written request (a BP-9 form) with the warden within "20 calendar days following the date on which the basis of the Request occurred." See § 542.14(a).  If the inmate is dissatisfied with the warden's

response, he may appeal (a BP-10 form) to the regional director within twenty calendar days of the date the warden signed the response.  *See* § 542.15(a)-(b).  If he is not satisfied with the regional director's response, the inmate may appeal (on a BP-11 form) to the Office of General Counsel within thirty calendar days of the date the regional director signed the response.  *Id.*  The general counsel is at the Central Office level.  *See* § 542.11(a).

A prisoner's appeal to a regional director or general counsel is "considered filed on the date it is logged into the Administrative Remedy Index as received."  S*ee* 28 C.F.R. § 542.18. Additionally, Program Statement 1330.13, the BOP's *Administrative Remedy Program* notes that the time periods for filing appeals to the regional director and central office are "deliberately long to allow sufficient mail time.  Inmates should mail their Appeals promptly after receiving a response to ensure timely receipt." *See* [www.bop.gov,](www.bop.gov) P.S. 1330.13, Administrative Remedy Program (effective date 8/6/2002), p. 8.  The BOP will consider a late appeal upon a showing of a valid reason for the delay.  *See* 28 C.F.R. § 542.15(a).

Wall was housed at FCI-Schuylkill from August 25, 2003, until January 10, 2005, when he was transferred to his current facility, USP-Lewisburg. (Defendants' Statement of Facts "SF" at ¶¶ 1-2).  On October 25, 2004, Unit Manager Edwards gave Wall, at

-3-

the latter's request, an Informal Resolution Form, or BP-8. (Doc. 20-1, Exhibits in Support of Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment, Ex. 1, Wallace Decl., Attach. C). On the same day, Wall used the form to make the following complaint:

> Despite having smoke free & housing restrictions - I was placed in the cell with (5) smokers upon arriving at FCI Schuylkill then in a (two) man cell with a smoker for about 7 months then with another smoker about 2 months.

(*Id*.) This informal attempt to resolve his complaint was directed at Ms. Yovichin, a member of his Unit Team. On or about October, 26, 2004, Yovichin responded, writing in part that "[a]t no time did any staff place you in an area where inmates were smoking. All common areas are smoke free." (Doc. 20-3, Defendants' Exhibits, Yovichin Decl., Attach., October 26, 2004, response to Wall's Request for Informal Resolution, R. 3).[1]

  Wall then filed a formal administrative grievance about his alleged exposure to tobacco smoke. (Doc. 20-1, Exhibits in Support of Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment, Ex. 1, Wallace Decl., Attach. D). On

---

[1] Although this response is dated "10/06/04", the parties agree that this appears to be a typographical error as Wall's attempt at an informal resolution was not filed until October 25, 2004. It appears that Yovichin's response was actually issued on or about October 26, 2004.

-4-

November 12, 2004, Associate Warden Bastian, in Warden Holt's absence, denied the grievance. (Doc. 2, Compl., Ex. 2). Bastian advised Wall that if dissatisfied with his response, "[he] may appeal to . . . the Regional Director . . . within 20 calendar days of the date of this response." (*Id*.)

Wall did file a regional appeal, or BP-10, but it was rejected as untimely because it was received at the Regional Director's Office on December 9, 2004, seven days after the December 2, 2004, filing deadline. (Doc. 20-1, Exhibits in Support of Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment, Ex. 1, Wallace Decl., Attach. E, Administrative Remedy Centralized Retrieval for Inmate Wall, R. 22; Doc 2, Compl., Rejection Notice - Administrative Remedy, dated December 14, 2004, p. 13). Wall was advised to submit "staff verification that the delay" in filing his BP-10 was not his fault. (*Id*.) Wall responded by asserting that the "prisoner mailbox rule" applied to the BOP's Administrative Remedy Program, that his BP-10 was mailed on November 30, 2004, and that it was therefore timely.[2] (*Id*.)

---

[2] Wall was referring to the "prison mailbox rule." Generally, the rule deems a document of a pro se prisoner to be "filed" with the court on the date the prisoner delivers the document to prison officials for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 2382, 101 L.Ed.2d 245 (1988).

Wall's resubmitted appeal was received on January 27, 2005, and rejected the following day as untimely. (Doc. 20-1, Exhibits in Support of Defendants' Motion to Dismiss, or in the alternative, for Summary Judgment, Ex. 1, Wallace Decl., Attach. E, Administrative Remedy Centralized Retrieval for Inmate Wall, p. 22; Doc. 2, Compl., January 28, 2005, Rejection of Appeal, p. 12). Wall was advised that the twenty-day time period included mail time.  (*Id.*)

On February 8, 2005, Wall appealed to the Central Office, the final stage of the process (the one that is handled by the general counsel).  On March 7, 2005, the BOP Central Office rejected the appeal because: (1) Wall's regional appeal was untimely; and (2) he failed to provide staff verification of the reason for the delay.

III.   *Discussion.*

Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law.  *See* 42 U.S.C. § 1997e(a).   Exhaustion must be "proper."  *Woodford v. Ngo*, ___ U.S. ___, ___, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368, 380 (2006).  "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no

adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at ___, 126 S.Ct. at 2386, 165 L.Ed.2d at 378.  Hence, an inmate must "us[e] all steps that the agency holds out."  *Id.* at ___, 126 S.Ct. at 23855, 165 L.Ed.2d at 378.

A prisoner does not have to allege in his complaint that he has exhausted administrative remedies.  *Ray v. Kertes*, 285 F.3d 287 (3d Cir. 2002).  Failure to exhaust available administrative remedies is an affirmative defense.  (*Id.*)  As such, it must be pleaded and proven by the Defendants.  *Brown v. Croak*, 312 F.3d 109, 111 (3d Cir. 2002).

The undisputed facts reveal that Wall had twenty days from November 12, 2004, or until December 2, 2004, to file a timely appeal to the regional director.  Wall's appeal was logged into the Administrative Remedy Index as received on December 9, 2004, seven days late.  However, Wall claims his regional appeal was nonetheless timely because the prison mailbox rule applies, *see Houston supra*, and he placed his appeal in the prison mail on November 30, 2004, two days before the deadline.

We reject Plaintiff's position.  In *Nigro v. Sullivan*, 40 F.3d 990 (9th Cir. 1994), the Ninth Circuit addressed the same issue and concluded that the prison mailbox rule does not apply to the filing deadline in the BOP's grievance procedure.  Among other

reasons, the court concluded that *Houston* applies only when the relevant procedure is ambiguous, and the BOP's regulation defining when an administrative appeal is filed clearly stated (at that time) that it was filed when "the receipt is issued." 40 F.3d at 994.[3]  Hence, the timeliness of the inmate's appeal to the general counsel could not be saved by the inmate's assertion that before the deadline he had placed the appeal with prison officials for mailing. *Accord Longenette v. Krusing*, 322 F.3d 758, 764-65 (3d Cir. 2003)(distinguishing cases like *Nigro* where actual receipt of the appeal is required and applying *Houston*'s prison mailbox rule to a deadline in administrative-forfeiture proceedings when there was no statutory or regulatory requirement of actual receipt by the agency).

      The BOP specifically defines the filing date of an appeal as "the date it is logged into the Administrative Remedy Index as received." 28 C.F.R. § 542.18. "'File[d]' in this case is simply not open to the interpretation given it in *Houston*." *Nigro*, 40 F.3d at 994. Hence, the prison mailbox rule does not apply here. This makes Wall's regional appeal untimely. That appeal was "filed" on December 9, 2004, when it was logged into

---

[3] *Houston* dealt with the timeliness of a prisoner's appeal to a federal court of appeals, governed by Fed. R. App. P. 4(a)(1), which does not define the circumstances under which a notice of appeal can be considered filed.

the Administrative Remedy Index as received, seven days beyond the deadline.  It follows that we must grant summary judgment for the defendants as Wall's failure to substantially comply with the procedural requirements of the BOP's administrative remedy program means that he has failed to exhaust administrative remedies as required by section 1997e(a).

Finally, we note that, consistent with 28 C.F.R. § 542.15(a), the BOP did give Wall an opportunity to submit staff verification that the delay in filing his regional appeal was not his fault but that he offered no justification, relying instead on the prison mailbox rule.  *See Nigro, supra*, 40 F.3d at 996 (BOP regulations are fair to an inmate because they allow "relief when a prisoner cannot meet time limits").

An appropriate order follows.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 9, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PARRIS WALL, | : |
| Plaintiff | : |
| | : CIVIL NO. 1:CV-06-0194 |
| vs. | : |
| | : (Judge Caldwell) |
| RONNIE HOLT, *et al.*, | : |
| Defendants | : |

*O R D E R*

AND NOW, this 9th day of January, 2007, for the reasons set forth in the accompanying Memorandum, it is ordered that:

    1. Defendants' motion for summary judgment (doc. 17) is granted.

    2. The Clerk of Court shall enter judgment in favor of Defendants Holt, Edwards and Yovichin, and against Plaintiff Wall, and close this file.

    3. Defendants' Motion to Exceed the Page Limit (doc. 18) is granted.

    4. Any appeal of this order would not be in good faith.

/s/William W. Caldwell
William W. Caldwell
United States District Judge